**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALMA JUNE MOROCK,

   Plaintiff,

vs.           Case No.: 8:07-CV-00210-T17MAP

CHAUTAUQUA AIRLINES, INC.

   Defendant.

_____/

<u>**ORDER ON MOTION TO REMAND**</u>

  This cause comes before the Court pursuant to Plaintiff, Alma June Morock's, Motion to Remand, filed on February 7, 2007 (Dkt. 7); and Defendant, Chautauqua Airlines, Inc.'s, Response Opposing Plaintiff's Motion to Remand, filed on February 21, 2007 (Dkt. 8). For the reasons set forth below, Plaintiff's Motion to Remand is denied.

**BACKGROUND**

  Plaintiff initially filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on March 8, 2006 asserting claims of Negligence/Respondeat Superior and Negligence of a Common Carrier (Dkt. 2). Defendant answered the complaint and discovery ensued. Plaintiff objected to answering Defendant's Requests for Admissions. Defendant obtained a court order instructing her to answer, but also issued a stay pending an appeal of the order, however the appellate court denied Plaintiff's petition and the stay was lifted. Defendant received Plaintiff's second set of responses to its Requests for Admissions on January 3, 2007. Those responses were the first indication to Defendant that the amount in controversy exceeded the jurisdictional threshold amount of $75,000, thereby enabling removal of the case to federal court. Defendant filed a notice of removal on February 1, 2007, within thirty (30) days of receiving the responses and within one year of the filing action. (Dkt. 1).

  There is no dispute as to the existence of diversity of citizenship. The issue in

1

dispute is whether the amount in controversy exceeds $75,000.00, and if so, whether proper procedure was followed in removing the case to federal court.

## STANDARD OF REVIEW

The plaintiff is the master of his complaint and is free to choose federal or state jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). However, removal of a civil case from state to federal jurisdiction can be effected by the defendant pursuant to 28 U.S.C. § 1441 (2000). The defendant seeking removal bears the burden of proving that a federal district court has jurisdiction. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). A federal district court must determine whether it had subject matter jurisdiction at the time of removal. Poore v. American-Amicable Life Ins. Co., Inc., 218 F. 3d 1287, 1290-1291 (11th Cir. 2000). A federal district court must remand to state court any case lacks necessary jurisdiction or that was removed improperly. Burns v. Windsor Ins. Co., 31 F .3d 1092, 1095 (11th Cir. 1994). The removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand. Whitt v. Sherman Int'l Corp., 147 F. 3d 1325, 1329 (11th Cir. 1998).

## DISCUSSION

Amount in Controversy

The subject matter jurisdiction of this Court includes "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and is based on diversity of citizenship. 28 U.S.C. § 1332(a). Here, the parties stipulated to the element of complete diversity of citizenship, and this Court has independently assured itself that such diversity exists. Therefore, to establish jurisdiction, the question remains whether the requisite amount in controversy exists, and whether proper procedure was followed.

Plaintiff argues that removal of the case should be based solely on information contained within the four corners of the complaint. (Dkt. 7). However, a notice of removal can be based on "a copy of an amended pleading, motion, order or other paper

2

from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.

In her complaint, Plaintiff alleged damages in excess of $15,000.00 for each of the two counts. (Dkt. 2).  In the ad damnum clause of the complaint, Plaintiff requested "…damages against the airline, together with prejudgment interest on medical expenses actually paid by the plaintiff, costs, and such other further relief as this court may deem proper.", but no with no dollar value affixed to any of those items. Id.

In cases where a Plaintiff has made an unspecified demand for damages, the removing defendant must prove jurisdiction by a "preponderance of the evidence." Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1357 (11th Cir. 1996).  To meet the preponderance of evidence burden, Defendant must prove the amount in controversy "more likely than not" exceeds $75,000.00.  Hanna v. Miller, 163 F. Supp. 2d 1302 (D.N.M. 2001).

Defendant correctly relied upon Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D. Ala. 1986), in support of its position that it was entitled to discovery to determine the jurisdictional amount.  That case opines that "a period of discovery which has its sole purpose the determination of the amount in controversy would clarify the jurisdictional question."  Id.  Further, the defendant could attempt to require the plaintiff to be specific about the value of its claim by submitting requests for admissions. Id.

Defendant claims that the amount in controversy exceeds $75,000.00 based on Plaintiff's admissions, or lack there of, made during the discovery process. (Dkt. 7, Exh. G). In response to the second Request for Admissions, Plaintiff denied that her claims did, and did not exceed the sum of $75,000.01. Id.  Additionally, Plaintiff denied that her claims did, and did not exceed the sum of $75,000.00.  Id.  This Court recognizes Plaintiff crafted its unclear, equivocal responses in a manner intended to circumvent the federal forum.  Plaintiff's refusal to stipulate the amount in controversy, standing alone,

3

does not establish jurisdiction.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1320 (11th Cir. 2001).  However, this Court is persuaded that Plaintiff's "refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount" should be considered. <u>Hanna</u>, 163 F. Supp. 2d at 1306.

Further, Plaintiff should have submitted affidavits admitting the claim was less than the jurisdictional amount if that is what the motion to remand was meant to accomplish. <u>Steele</u>, 649 F.Supp. 1415.

Defendant also successfully asserts that it may not establish the jurisdictional threshold has been met by solely relying on Plaintiff's pre-suit settlement offer.  <u>Saberton v. Sears Roebuck and Co.</u>, 392 F. Supp. 2d 1358 (M.D. Fla. 2005).  Although not dispositive, pre-suit settlement offers can be considered.  <u>Burns</u>, 31 F.3d at 1097.  In this case, Plaintiff requested $350,000.00. (Dkt. 8 Exh. A). Further, Plaintiff explicitly stated it finds this figure to be a "conservative" estimation.  Id.  This amount can not be used exclusively to demonstrate jurisdiction has been achieved, but it "counts for something." <u>Burns</u>,  31 F.3d at 1097.

This Court finds that Defendant has met its burden and has proven that the amount in controversy more likely than not exceeds $75,000.00, as illustrated by Plaintiff's refusal to clearly answer discovery in conjunction with the pretrial settlement offer.

<u>Timely Removal</u>

Defendants have thirty days to remove an action from the state court to a United States District Court.  28 U.S.C. § 1446(b).  The defendant may effectuate removal upon receipt "…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  <u>Id</u>.

Defendant ascertained the jurisdictional threshold requirement was met upon receiving the answers to the second set of requests for admissions dated January 3, 2007. (Dkt. 7, Exh. G). This Court agrees.

Plaintiff incorrectly contends that Defendant's thirty day removal requirement began when it received the claim for relief because in its Fourteenth Affirmative Defense Defendant asserted the claim was preempted by Federal Law.  (Dkt. 3).  This argument is flawed, however, because Defendant did not assert Diversity Jurisdiction until it conducted discovery and ascertained the amount in controversy met the jurisdictional threshold requirement. (Dkt. 1).  Therefore, Defendant adequately complied with the thirty day procedural requirement.

## ATTORNEY'S FEES AND COSTS

Plaintiff seeks reimbursement of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  The award of attorney's fees and costs under this section is within the discretion of the court.  IMCO USA, Inc. v. Title Ins. Co. of Minn., 729 F. Supp. 1322, 1324 (M.D. Fla. 1990).  This Court finds that there were sufficient facts and question of applicable law to warrant Defendant's Motion for Removal and an award for attorney's fees to Plaintiff is unwarranted.  Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Remand and request for attorney's fees (Dkt. 7) be **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 14th day of June, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record