UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALMA JUNE MOROCK,

   Plaintiff,

vs.            CASE NO.: 8:07-cv-210-T17-MAP

CHAUTAUQUA AIRLINES, INC.,

   Defendant.
              /

## ORDER

   This cause is before the Court on Plaintiff Alma June Morock's Amended Motion to Compel Rule 26(a) Disclosure (doc. 32). Pursuant to Fed. R. Civ. P. 26(a)(1)(D), the plaintiff seeks a copy of Defendant Chautauqua Airlines, Inc.'s insurance policy. The Defendant contends that because it has disclosed the declarations pages of the policy and has stated in its disclosures that Chautauqua has sufficient liability insurance limits to cover any of the Plaintiff's claims, it has satisfied the purpose of Rule 26, and should not be required to produce the insurance agreement itself. The Defendant also requests that if it is required to produce the insurance agreement itself, this Court enter a protective order because the insurance agreement contains "confidential and sensitive information." *See* doc. 34. For the reasons that follow, the Plaintiff's motion is granted, and the Defendant's request for a protective order is denied.

   Pursuant to Fed. R. Civ. P. 26(a)(1)(D), without awaiting a discovery request, a party must provide "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." By its plain language, this provision requires

the disclosure of the "insurance agreement" itself – the declaration pages and the assurance that Chautauqua has sufficient liability insurance limits to cover the Plaintiff's claims are not sufficient. *See Boyer v. Riverhead Cent. School Dist.*, 2006 WL 3833040 (E.D. N.Y. 2006) (holding that summaries of insurance coverage were insufficient under Rule 26(a)(1)(D), and ordering the defendant to produce a copies of the policies themselves); *Gaines-Hanna v. Farmington Public School Dist.*, 2006 WL 891434 (E.D. Mich. 2006) (where the defendants provided the names of their insurance carriers, the policy numbers, and an assurance that the coverage was adequate to cover any judgment, the court held that this information was insufficient to satisfy the requirements of Rule 26(a)(1)(D) and ordered the defendant to provide copies of the insurance agreements themselves); *Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 563 (S.D. Ind. 1990) (applying the similar language of former Rule 26(b)(2), the court stated that "defendant's attempt to limit discovery to the policy limits is contrary to the express mandate of the Rule.").

Defendant's request that this Court enter a protective order providing for the confidentiality of the insurance agreement is denied. A party seeking a protective order must demonstrate good cause. *See U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ("The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").[1] The Defendant's claim that the insurance agreement "contains confidential and sensitive information" is a conclusory assertion that does not establish good cause. Accordingly, it is

ORDERED:

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent on federal courts within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

1.  Plaintiff's Amended Motion to Compel (doc. 32) is **GRANTED**.

DONE AND ORDERED at Tampa, Florida on October 3, 2007.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record