UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALMA JUNE MOROCK,

        Plaintiff,

v.                                                                                                    CASE NO.: 8:07-cv-210-T-17-MAP

CHAUTAUQUA AIRLINES, INC.,

        Defendant.
_____/

**ORDER**

    This cause is before the Court on the Plaintiff's two motions to compel (doc. 51 and doc. 55). For the reasons that follow, these motions are granted in part and denied in part.

    The Plaintiff propounded Requests to Produce on August 24, 2007, and Interrogatories on August 28, 2007. The Defendant failed to submit timely responses. With the October 31, 2007, discovery deadline looming, on October 22, the Plaintiff sent a facsimile and a letter to the Defendant, requesting responses to the outstanding discovery. The facsimile requested a response by 5 p.m. on October 22, and the letter requested a response by October 24 at noon. The Plaintiff's counsel also stated that she conferred in person with the Defendant's counsel, but was unable to get responses. On October 24, the Plaintiff filed a motion to compel responses to the outstanding discovery (doc. 51). On October 31, the Defendant served its responses to the discovery. On November 6, the Plaintiff filed a second motion to compel, alleging that the Defendant's responses to the discovery were inadequate.

    The Defendant has offered no explanation for its failure to timely respond to the discovery, other than stating that its failure was "inadvertent[]." *See* Defendant's Response to Plaintiff's Motion to Compel, doc. 56, at 1. Because of the Defendant's failure to make timely objections to the

discovery, the Defendant's objections are waived. *See* Middle District Discovery (2001) at § III.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.") and § IV.A.4 (stating the same rule for objections to interrogatories); *see also Third Party Verification, Inc. v. SignatureLink, Inc.*, 2007 WL 1288361 at *2 (M.D. Fla. 2007) ("A party failing to serve an objection to a discovery request within the time required by Fed. R. Civ. P. 33 or 34, in the absence of good cause or of an extension of time to do so, waives the right to later raise objections.").

As to Interrogatory 3, the Plaintiff's motion is granted. Interrogatory 3 asks the Defendant to "[d]escribe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident." The Defendant responded, "See pilot and flight attendant Incident Reports previously produced. See also, the transcript of Captain Hilliard's deposition." This response is inadequate. "Because a party is entitled to discovery both by deposition and interrogatory, it is ordinarily insufficient to answer an interrogatory by reference to an extrinsic matter, such as 'see deposition of James Smith' or 'see insurance claim.'" *See* Middle District Discovery (2001) at IV.A.9. If the Defendant intends to adopt a portion of Captain Hilliard's deposition as its official corporate response, it should state the particular pages of the deposition testimony that it intends to adopt. *See id.* (stating that an appropriate response might use language such as "Acme Roofing Company adopts as its answer to this interrogatory the deposition testimony of James Smith, its Secretary, on pages 127–145 of his deposition transcript").

The Defendant's reference to the pilot and flight attendant Incident Reports is likewise inadequate. A party may respond to an interrogatory by identifying specific business records from which the answer may be derived only when "the burden of deriving or ascertaining the answer is

2

substantially the same for the party serving the interrogatory as for the party served." *See* Fed. R. Civ. P. 33(d). Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations. *See United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005) (stating that Rule 33(d) is "well-suited to reply to inquiries of an intensely objective nature," but was inappropriate where "the interrogatories pose questions of fact or mixed questions of law and fact which require the exercise of particular knowledge and judgment on the part of the responding party"); *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576–77 (M.D. N.C. 2002) ("[D]ocuments themselves rarely, if ever, reveal contentions of fact or law. . . . Rule 33(d) was intended to be used in the situation where an interrogatory makes broad inquiries and numerous documents must be consulted to ascertain facts, such as identities, quantities, data, action, tests, results, etc." Contention interrogatories or interrogatories requesting statements of fact "do not lend themselves to answer by use of Rule 33(d)."); *In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49 (N.D. N.Y. 1997) (where interrogatories asked a party to "state the facts" supporting various allegations, resorting to Rule 33(d) was inappropriate). This is not a situation where the burden on both parties is substantially the same – rather, by relying on documents rather than stating its position in a narrative, the Defendant is essentially asking the Plaintiff to read its mind and guess at the Defendant's official corporate position regarding how the incident occurred and what actions the Defendant took to prevent it. *See Elfindepan*, 206 F.R.D. at 577 n.5 ("Only plaintiff can identify its own contentions and the burden on defendants to try and divine plaintiff's contentions from documents obviously imposes a greatly unequal burden on defendants."). Accordingly, the Defendant is directed to answer in narrative form.

As to Interrogatory 4, the Plaintiff's motion is granted. Interrogatory 4 asks the Defendant to "[d]escribe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question." The Defendant responded, "See Defendants (sic) Answer and Affirmative Defenses to plaintiff's Complaint. See also, the pilot and flight attendant Incident Reports previously produced. See also answer to number 6, below." This response is inadequate for the reasons stated with respect to Interrogatory 3. The reference to the Defendant's Answer is likewise deficient. *See Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.*, 2007 WL 2298009 (N.D. Fla. 2007) ("[I]t is insufficient to answer an interrogatory by merely referencing allegations of a pleading.").

As to Interrogatory 5, the Plaintiff's motion is granted. Interrogatory 5 asks the Defendant to "[s]tate the facts upon which you rely for each affirmative defense in your answer." The Defendant responded, "Affirmative Defenses are legal issues raised by Defendant, with the assistance of counsel, in order to bring those issues before the Court. See pilot and flight attendant Incident Reports. See also the deposition testimony of the plaintiff and Mary Groves, admitting that they did not request the assistance of a mechanical lift . . . and did not request the assistance of an attendant for descending the aircraft stairs." This response is inadequate for the reasons stated with respect to Interrogatory 3. Moreover, the Defendant's answer lists fifteen affirmative defenses, and the Defendant's answer is non-responsive as to some of the affirmative defenses. For instance, the Defendant's Fourth Affirmative Defense asserts the fault of "other parties or entities over whom Defendant has no control," but the Defendant does not identify in response to Interrogatory 5 who these other parties are or what they did. If the Defendant is abandoning some of these fifteen affirmative defenses, its response should make that clear.

As to Interrogatory 7, the Plaintiff's motion is granted insofar as the Defendant is directed

4

to provide the address of Daniel E. Murphy, M.D.; however, the Plaintiff's request is otherwise denied. Although the Plaintiff states that Defendant's response to Interrogatory 7 was "unacceptable" because the Defendant referred to its "incomplete" Rule 26 disclosures, the Plaintiff does not explain in what way the Rule 26 disclosures were "incomplete." Additionally, although the Plaintiff contends that the Defendant's response was inadequate because it listed "EMS personnel and Tampa Airport Police officers who arrived" as persons who may have knowledge of the issues in the case, without listing the names and addresses of specific personnel, the Defendant states that it has no knowledge of any specific names of personnel who responded other than those provided by Plaintiff or those which may be contained on official public records.

As to Interrogatory 11, the Plaintiff's motion is granted. The Defendant asserts that this interrogatory is overbroad and burdensome, and that may well be true, but the Defendant waived this objection by failing to timely file its responses and objections.

As to Interrogatories 12, 13, and 14, the Plaintiff's motion is denied because the Defendant's responses are adequate.

As to Request 2, in light of the considerable costs of making the aircraft available for inspection in Tampa, the Defendant is directed to advise the Plaintiff of the aircraft's availability for inspection at the closest commercially available airport while that aircraft is in routine transit. If a like model of the aircraft would be identical in all material respects, the Defendant may make available that like model.

As to Requests 6, 8, and 9, the Plaintiff's motion is granted. Although the Defendant asserts in its response to the motion to compel that these requests seek documents that are privileged and confidential, it did not make these objections in its responses to the discovery, and they are therefore waived. *See Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D. 633, 647 (D. Kan. 2004) ("It is well

5

settled that a party may not assert a privilege for the first time in its response to a motion to compel; a privilege not timely asserted in the initial response to a request for production is deemed waived.").

As to Requests 4 and 12, the Plaintiff's motion is denied as moot because the Defendant states that it has provided the requested documents.

Plaintiff's October 24, 2007, motion to compel is denied as moot to the extent that it seeks to compel responses to the discovery, since the responses have now been provided. However, to the extent that this motion seeks an award of fees and costs incurred in filing the motion to compel, that request is granted. Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted or if the discovery is provided after the motion to compel is filed, the Court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. However, these sanctions are inappropriate if the party's failure to respond was substantially justified or if the moving party failed to make a good faith effort to obtain disclosure without court intervention. *See* Fed. R. Civ. P. 37(a)(4). The Defendant contends that the Plaintiff did not make a good faith effort to obtain responses without Court intervention, because when the Plaintiff sent the October 22, 2007, letter demanding responses, defense counsel John McAuley was out of his office for depositions scheduled in Tampa on October 22, 23, and 24, 2007. Even if Mr. McAuley was not in his office, the Plaintiff's letter also was addressed and faxed to Mr. John M. Murray, and the Defendant has not explained why Mr. Murray was unable to respond to the Plaintiff and, at a minimum, arrange for an extension. The Plaintiff's request for sanctions in the November 6, 2007, motion is likewise granted.

Accordingly, it is ORDERED:

1. Plaintiff's October 24, 2007, motion to compel (doc. 51) is DENIED as moot to the

6

extent that it requests responses to the discovery, but is GRANTED to the extent that it requests an award of sanctions.

2. Plaintiff's November 6, 2007, motion to compel (doc. 55) is GRANTED in part and DENIED in part as discussed above.

3. The Defendant is directed to provide supplemental responses to the discovery addressing the inadequacies discussed above on or before December 12, 2007.

4. The Defendant shall pay the Plaintiff's reasonable fees and costs of counsel incurred as a result of Plaintiff's preparing and presenting its motions to compel (doc. 51 and doc. 55).

DONE and ORDERED at Tampa, Florida on December 3, 2007.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE