UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALMA JUNE MOROCK,

        Plaintiff,

v.                                      CASE NO.: 8:07-cv-210-T-17-MAP

CHAUTAUQUA AIRLINES, INC.,

        Defendant.
_____/

**ORDER**

This cause is before the Court on the Defendant's motion for protective order (doc. 65) and Defendant's emergency motion for stay or extension of time to produce documents (doc. 67). For the reasons that follow, these motions are denied.

The Defendant's request for a protective order relates to Plaintiff's Request to Produce numbered 6, 8, and 9.[1] The Defendant failed to timely respond to the Requests to Produce. When the Defendant finally did respond after the Plaintiff moved to compel, the Defendant did not raise any claim of privilege or confidentiality as to these three requests.[2] The Plaintiff filed another motion to compel, alleging that the Defendant's responses were inadequate. In its response to this motion, the Defendant for the first time asserted that these requests sought documents that included

---

[1] Request 6 sought "Complete copies of any agreements between you and Delta Airlines, or any other carrier, in connection with Flight 6381." Request 8 sought "Any and all collective bargaining agreements between Chautauqua Airlines and any labor union or trade organization representing pilots, captains, flight attendants, and flight crew members." Request 9 sought "The lease agreement between Wells Fargo Bank Northwest and Chautauqua Airlines, Inc., or its affiliates or parent company for aircraft serial number 145451, tail number N562RP."

[2] Defendant's response to Request 6 stated, "Relevant portions of the Delta Connection Agreement have been previously produced and are attached as bates stamped numbers 6 through 7." Defendant's response to Requests 8 and 9 stated, "Objection, the request seeks information not likely calculated to lead to the discovery of relevant information."

"confidential and privileged material," and requested *in camera* review to provide for the protection of these documents. In its order granting in part the Plaintiff's motion to compel, this Court held that the Defendant had waived any objection to the requested discovery by failing to make timely objections. *See Order*, doc. 64, at 1–2. With respect to Requests 6, 8, and 9 specifically, this Court held that "[a]lthough the Defendant asserts in its response to the motion to compel that these requests seek documents that are privileged and confidential, it did not make these objections in its responses to the discovery, and they are therefore waived. " *See* Order, doc. 64, at 5. This Court directed the Defendant to provide its discovery responses by December 12, 2007.

On December 7, 2007, the Defendant filed this motion for protective order (doc. 65), requesting that these documents be designated confidential, be released only to specific individuals, and if filed with the Court, be filed under seal. The Defendant claims that these documents contain sensitive business and trade secret information that could harm the Defendant if released to the Defendant's competitors. On December 11, 2007, the Defendant filed an emergency motion for stay or extension of time to produce the documents (doc. 67), to allow time for the Court to rule on the Defendant's motion for protective order.

As the Court stated in its previous Order (doc. 64), any claim of confidentiality has been waived because of the Defendant's failure to assert it in its initial responses to discovery (which were untimely in any event). *See Third Party Verification, Inc. v. SignatureLink, Inc.*, 2007 WL 1288361 at *3 (M.D. Fla. 2007) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product."). The Court further finds that the Defendant's Motion for Protective Order is untimely. "A motion for protective order is generally untimely if it was made after the date the discovery material was to be produced." *See Laughon ex rel. Laughon v. Jacksonville Sheriff's Office*, 2007 WL 1247305 at *2 (M.D. Fla. 2007); *see also Middle District*

2

*Discovery* (2001) at § VI.B ("Upon receipt of objectionable discovery, a party has a duty to seek relief immediately, i.e., without waiting until the discovery is due or almost due."). The Requests were propounded on August 24, 2007; thus, far more than 30 days elapsed before the Defendant sought this protective order.

Because the Court is now ruling on the Defendant's motion for protective order, the Defendant's emergency motion for stay or extension of time to produce documents is denied as moot.[3]

Accordingly, it is ORDERED:

1. Defendant's Motion for Protective Order (doc. 65) is DENIED.

2. Defendant's Emergency Motion for Stay or Extension of Time to Produce Documents (doc. 67) is DENIED as moot.

DONE and ORDERED at Tampa, Florida on December 11, 2007.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[3] The filing of a motion for extension of time within which to respond to discovery does not automatically stay discovery deadlines or the deadlines in this Court's Order of December 3, 2007 (doc. 64). *See Middle District Discovery* (2001) at § I.E.2